ON PETITION FOR REHEARING
MANN, Chief Judge.
Appellant’s counsel claims not to have received notice of the oral argument in this case. We affirmed without • opinion because no new principle is involved, but respond to his petition to grant a rehearing, “or in the alternative to write an opinion disposing of the substantial questions raised by this appeal,” so that it will be apparent that the result would have been the same if counsel had appeared for argument. ;
*409 This action was brought by the insurance company to rescind a contract procured upon Owens’ application which, it was said, contained misrepresentations material to the risk.
Owens is legally blind. An infection in his right eye has impaired the vision in that eye during recent years, but since childhood he has had seriously impaired vision in the left eye. Two of the questions which the appellant asks us to answer in this petition for rehearing are substantially different from the legal questions involved. He asks “Whether or not, where the agent of an insurance company received a truthful answer but fills in an incorrect answer on an application, the applicant has made a material misrepresentation.” Owens’ own testimony tells how far that question is wide of the mark. The insurance agent asked whether he had been treated by a physician or other practitioner for an impairment of sight or hearing or eye and ear disorder. Owens replied, “I told him the only thing I had been to an eye doctor for was glasses.” . He said nothing more but knew that he had substantially impaired vision in the left eye and that this condition dated from childhood. The appellant next asks, “Where Plaintiff’s agent is put on notice of defective eyesight, is he required to exercise due diligence to determine the extent of the defective eyesight.” There is nothing in this record to indicate any basis on which the insurance company’s agent would be put on notice of the problem which Owens had suffered since childhood. Millions of Americans wear glasses, and there was nothing in the deceptive response to the question which would remotely suggest further inquiry and every reason, on the other hand, to know that it was precisely this sort of condition that the insurance company was interested in when it included the question in its application form.
The appellant asks “Whether or not a deceased doctor’s notes are admissible in evidence under the Business Records Act.” Owens had 'been examined in 1961 by Dr. Steves who made the notation in his records that the left eye was too weak to measure. By the time of the trial Dr. Steves was deceased, and Dr. Frey, who took over Steves’ practice, testified that he had custody of Dr. Steves' records and was fully acquainted with the notations therein. There was absolutely no reason to falsify or misstate the truth in those records, and for reasons well explained by Wigmore, this evidence was admissible. 5 Wigmore, Evidence, §§ 1420-1422, 1521 et seq.
The last question to which the appellant seeks an answer is “Whether or not a Circuit Judge can arbitrarily, in the absence of motion or good cause, reopen Plaintiff’s case after the Plaintiff has rested and where defense counsel, in closing argument, has pointed out a fatal weakness of the Plaintiff’s case.” That question misstates the record. There is not the slightest evidence that Judge Patton arbitrarily allowed the plaintiff to reopen his case. A reading of the record makes it clear that Owens’ counsel had proposed to submit a memorandum on the legal question of admissibility of Dr. Frey’s testimony. The Company’s lawyer stated that it was his understanding that he would be allowed to reopen the case for the purpose of presenting certain evidence if Dr. Frey’s testimony was allowed. That understanding was acquiesced in by the attorney for Owens.
We have examined this record with care. It was tried patiently by an exceptionally competent judge and it is completely free of error.
Rehearing denied.
HOBSON and McNULTY, JJ., concur.